**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6837**

MICHAEL E. BROWN,

        Petitioner - Appellant,

    v.

DAVID BALLARD, in his capacity as Warden, Mt. Olive Correctional Complex,

        Respondent - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:15-cv-01197)

Submitted: October 24, 2017               Decided: December 8, 2017

Before MOTZ, TRAXLER, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Michael E. Brown, Appellant Pro Se. Derek A. Knopp, OFFICE OF THE ATTORNEY GENERAL, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael E. Brown seeks to appeal the district court's orders adopting the magistrate judge's recommendation and dismissing Brown's 28 U.S.C. § 2254 (2012) petition, and granting in part and denying in part Brown's motion for reconsideration. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order dismissing Brown's § 2254 petition was entered on the docket on March 31, 2016; the appeal period for Brown's § 2254 petition thus expired on April 30, 2016. Brown did not file a notice of appeal until June 16, 2017.[1] Although he filed a Fed. R. Civ. P. 60(b)(6) motion for reconsideration on November 14, 2016, that motion was filed more than 28 days after the dismissal order. Thus, that motion did not operate to toll the period for Brown to appeal the March 31 order dismissing his § 2254 petition, and Brown's notice of appeal is therefore untimely. *See* Fed. R. App. P.

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

2

4(a)(4)(A)(vi) (providing that appeal period is tolled after filing of motion "for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.").

As to Brown's Rule 60(b) motion for reconsideration, the district court's order ruling on the motion was entered on the docket on December 19, 2016, and the notice of appeal was filed well beyond the appeal period for the order.

Because Brown failed to file a timely notice of appeal[2] or to obtain an extension or reopening of the appeal period, we deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[2] Although Brown asserts on appeal that he did not receive a copy of the order disposing of his motion for reconsideration, and his notice of appeal should therefore be deemed timely, the order was sent to Brown's counsel of record. Regardless of whether counsel actually provided Brown with a copy of the order, Brown is deemed to have received notice of the order through counsel. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) ("[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." (internal quotation marks omitted)).